XIN YI DONG, Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondents.

No. 06–1916–ag.

United States Court of Appeals, Second Circuit.

Oct. 27, 2006.

Khagendra Gharti–Chhetry, New York, NY, for Petitioner.

Lisa Godbey Wood, United States Attorney, Danial E. Bennett, Assistant United States Attorney, Savannah, GA, for Respondents.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Xin Yi Dong, a native and citizen of the People's Republic of China, seeks review of a March 24, 2006 order of the BIA affirming the November 30, 2004 decision of Immigration Judge ("IJ") Noel A. Ferris denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xin Yi Dong*, No. A 77 297 669 (B.I.A. Mar. 24, 2006), *aff'g* No. A 77 297 669 (Immig. Ct. N.Y. City Nov. 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agen-

cy determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We will vacate and remand for new findings, however, if the agency's reasoning or its fact-finding process was materially flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Although the IJ failed to make an explicit finding that Dong was not credible, Dong and the government both take the position that the IJ's decision did include such a finding. *See, e.g.,* Pet. Br. at 2; Resp. Br. at 2. Their position in this regard is understandable in light of the many instances in which the IJ indicates concern about Dong's credibility. We therefore also treat the IJ's decision as containing a finding that Dong was not credible. And we conclude that substantial evidence supports it.

First, as to Dong's demeanor, the IJ noted that Dong "deliberately evaded certain questions and answered other questions" even when asked the same question multiple times in order to clarify his responses. The IJ's finding of non-responsiveness was supported by the record.

Second, the IJ found it implausible that, although Dong claimed that his wife had an IUD inserted, nothing happened to her in this regard between May 1987, when it was removed, and July 1988, when she gave birth to their third child. In light of Dong's testimony that family planning offi-

cials had been routinely examining his wife, there was sufficient basis for the IJ's finding that Dong's testimony in this regard was implausible. *See Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

Third, the IJ correctly took into account the fact that, at Dong's airport interview, he claimed that he feared being sterilized if returned to China, an assertion that he later recanted. We note that the airport interview here was presented to the IJ in the form of what appears to be a verbatim transcript, and there is no indication of translation difficulties or failure on the part of the immigration officer to elicit specific information about Dong's asylum claim. Dong argues that he had been nervous at the airport and provided answers as instructed by a snakehead (smuggler). This does not automatically prevent the IJ from relying on the interview for an adverse credibility determination under the circumstances of this case. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004); *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396, 397 n. 6, 399 n. 8 (2d Cir.2005).

Fourth, the IJ faulted Dong for failing to obtain a letter from his wife stating that she had undergone involuntary sterilization and attesting to the genuineness of the documents that she provided. As the IJ observed, Dong was not present on the day of his wife's alleged forced sterilization. The absence of any corroboration from his wife prevented Dong from being able to rehabilitate testimony already called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 164 (2d Cir.2006). This, too, supported the IJ's credibility determination.

Fifth, the IJ observed that Dong's testimony about his departure from China was internally inconsistent. While Dong testified on direct examination that he left Chi-

na "without consent," he testified on cross-examination that he gave his own passport to a snakehead who obtained a visa for him, and that when he departed China he received an exit stamp in the same passport. Dong presented no evidence to suggest that the border control authorities had knowledge of any illegality in his means of departure. The IJ therefore reasonably concluded that Dong failed to state a credible claim that "there would be any concern over his departure" if he returned to China. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Sixth, the IJ found it to be implausible that Dong would suffer any repercussions stemming from the argument with the family planning officials. The IJ noted that the argument had occurred almost a decade earlier, and that Dong failed to suggest that "anybody even looked for him at any time in '95 or at any time subsequent." The IJ's implausibility finding was thus supported by the record. *See Jin Hui Gao,* 400 F.3d at 964.

While the IJ's decision was not necessarily free of error—for example, the IJ's crediting of a consular report as to the fabrication of certain documentation may be subject to question, *see Zhen Nan Lin v. U.S. Dep't of Justice,* 459 F.3d 255, 268 (2d Cir.2006)—this case need not be remanded because ample evidence supports the IJ's adverse credibility finding, and we can "confidently predict" that the agency would adhere to the same decision on remand, absent the errors. *See Xiao Ji Chen,* 434 F.3d at 162; *Cao He Lin,* 428 F.3d at 395. Because the only evidence of a threat to Dong's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d

Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Lastly, because Dong fails to meaningfully challenge the IJ's denial of his CAT claim in his petition for review, any such argument is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).